(No. 90-CC-2258– )

CLEVELAND WARE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 30, 1993.*

CLEVELAND WARE, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (VERNE E. DENTINO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

Claimant is a resident of the Illinois Department of Corrections and seeks judgment against the Department in the sum of $28.90 for the loss of a personal fan. He claims the fan was lost or misplaced by agents at Menard Correctional Center.

On March 1, 1988, Claimant was walked from his jobsite to the segregation unit. He was not given an opportunity to pack his property. He claims that he was informed that the agents of the Department went to his cell, took his property out and left it at the sergeant's desk. He also claims that he was informed that his property was taken to the personal property officer. That officer later denied ever receiving the property in question. Claimant did in fact have a cellmate at the time who was in the cell when the Claimant was placed in segregation.

After being released from segregation, Claimant was placed in a different cell with a new cellmate.

Correctional Officer Martin testified that although he didn't actually pack Claimant's property, he remembered it being packed by Officer Roth. Officer Roth testified that he was employed at Menard in March of 1988, and recalled going to the Claimant's cell and packing property. He did not recall there being a fan among the personal effects. He claimed that he would have to see a property slip in order to refresh his memory.

When personal property of inmates is packed, property slips are completed by the officers doing the packing. In addition to the inmate's copy and guard's copy, the personal property officer receives a copy. Officer Roth completed the slip in question. He testified, however, that he could not remember if he delivered the slip to Claimant, or turned it over to some other officer to deliver to the Claimant. Officer Roth did not know whether Claimant received a copy of the property slip. He also could not remember if Claimant's property included a fan.

Officer John Guthman testified that in March 1988, he served as a personal property officer at Menard Correctional Center. He could not determine whether a property slip had been completed covering the items removed from Claimant's cell. He did identify a personal property receipt form signed by Claimant reciting that he had received his property after being returned to Menard from another institution on February 18, 1988. At that time, there was no indication on the property receipt that Claimant had a fan in his possession.

Officer Guthman did, however, identify a document on which the Claimant reported that the fan in question had in fact been stolen from him on June 8, 1989.

297

This hearing was held before a commissioner of this Court who had an opportunity to observe the witnesses during testimony. It is the opinion of the commissioner that the Claimant's testimony was not credible. Furthermore, the Department's evidence established that Claimant did not have a fan shortly before the incident in question. Claimant offered no evidence to prove that he had acquired a fan in the interim between the time that his personal property was inventoried upon his return to the prison on February 18, 1988, and the time he claims that the fan was lost as a result of actions by agents of the Department.

We therefore deny this claim.